RECEIVED
JUL 1 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| ROBERT L. WALTON, ET AL. | CIVIL ACTION NO. 04-2354 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EXXON MOBIL CORPORATION, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Request for Review of Magistrate Judge's Findings on Motion to Remand ("Appeal") [Doc. No. 51] filed by Defendant Exxon Mobil Corporation ("Exxon"). Exxon appeals from Magistrate Judge Karen L. Hayes' April 7, 2005 Order remanding this matter to state court [Doc. No. 49]. For the following reasons, the Magistrate Judge's Order of Remand is AFFIRMED, and Exxon's Appeal is DENIED.

## ALLEGED FACTS[1] AND BACKGROUND

Plaintiffs are the present and former owners of property in the Holly Ridge Oil and Gas Field in Tensas Parish, Louisiana. Plaintiffs Robert and Bonnie Walton purchased the property in July, 2002, from Defendant Monclova Plantation, L.L.C. ("Monclova"). Plaintiffs John and Rebecca Lamm purchased the property from the Waltons in November 2003. Plaintiffs assert claims against the oil company Defendants for damages in tort and under the state mineral code based on the alleged contamination of their property. They also assert a claim against Monclova

---

[1] Issues of fact on a motion to remand are viewed in the light most favorable to Plaintiff, and all issues of fact are resolved in Plaintiff's favor. *See Burden v. Dynamics Corp.*, 60 F.3d 213 (5th Cir. 1995); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

under state law for a reduction in the purchase price based on its failure to disclose the alleged contamination of the property.

On September 5, 2004, Plaintiffs filed their Petition in the Sixth Judicial District Court, Parish of Tensas, State of Louisiana. On November 12, 2004, Defendants removed the case to this Court on the grounds of diversity jurisdiction, contending that the one Louisiana defendant, Monclova, was improperly joined because the claim against it was prescribed on its face and because it arose out of a different transaction or occurrence than the claims against the oil company Defendants.

On December 9, 2004, Plaintiffs filed a Motion to Remand. After briefing was complete, on April 7, 2005, Magistrate Judge Hayes issued a Ruling and Order remanding this matter to the Sixth Judicial District Court, Parish of Tensas, State of Louisiana.

On April 22, 2005, Exxon filed its Appeal [Doc. No. 51]. On May 9, 2005, Plaintiffs filed a memorandum in opposition to the Appeal.

Briefing is complete, and the Court is ready to rule.

## LAW AND ANALYSIS

### A. Motions to Remand

The Fifth Circuit has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion to remand. However, most district courts in this circuit have generally found that a motion to remand is a non-dispositive pretrial matter and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96-1192, 1996 WL 888182, at *2-4 (W.D. La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd.*

*v. Texaco Exploration and Prod., Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99-0367, 1999 WL 496488, at *1 (E.D. La. July 13, 1999). This Court similarly adheres to the view that motions to remand are non-dispositive pretrial matters and applies the clearly erroneous standard of review.[2]

## B.     Proper Joinder

In her ruling, the Magistrate Judge first addressed Exxon's argument that Plaintiffs' claims against Monclova did not arise out of the same transaction or occurrence and thus should not be joined. The Magistrate Judge agreed with Plaintiffs that redhibition and tort actions are commonly joined in the same actions. In this case, Plaintiffs' complaints against all Defendants arise out of the alleged damage to their property caused by contamination, and the claims share common questions of fact regarding the existence, amount, and type of contamination. Therefore, the Magistrate Judge concluded that it is reasonable and logical under Federal Rule of Civil Procedure 20 for the claims to be joined.

The Magistrate Judge also rejected Exxon's' argument that Monclova was improperly or fraudulently joined because the claim against it had prescribed on its face under the applicable prescriptive period for redhibition actions regarding residential or commercial property. Instead, on the face of the pleadings, supplemented with the Waltons' affidavits that the property was purchased to be recreational, she concluded that the applicable prescriptive period was four years. This prescriptive period had not expired at the time suit was filed.

---

[2]The Court is aware that other courts have treated a motion to remand as a dispositive motion. The Court would point out, however, that it has undertaken a thorough examination of the entire record and would reach the same conclusion, whether under a *de novo* or clearly erroneous standard.

In their appeal, Exxon contends, as they did in their original memorandum, that the property was commercial because of previous oil and gas production there, the reference to government payments in the sale, and the environmental concerns about timber on the property prior to the sale.[3]

In response, Plaintiffs argue that the Magistrate Judge correctly applied the standard set forth by the Fifth Circuit in *Smallwood v. Illinois Cent.*, 385 F.3d 568 (5th Cir. 2004), and concluded that remand was warranted. First, Plaintiffs point out that the sale agreement between the Waltons and Monclova listed certain items as included or excluded as part of the sale and that indicated the property's recreational use.[4] Therefore, the Court need not rely on the affidavits of the Waltons alone. Second, Plaintiffs argue that Exxon's focus on a reference to government payments is irrelevant. To the extent that Exxon suggests these government payments are further evidence that the land was to be used for a commercial (or at least a non-recreational) purpose, Plaintiffs point out that other uses of the land, such as agricultural, are also excluded from the one-year prescriptive period for residential and commercial property.[5] Third, even if the property was residential or commercial, Plaintiffs argue that the doctrine of *contra non valentum* applies, and they are entitled to a one-year prescriptive period within which to file suit. Finally, Plaintiffs

---

[3]In their affidavits, the Waltons deny that they were ever informed prior to the sale that there were environmental concerns of a high concentration of sodium affecting the timber on the property.

[4]The sale agreement included a "Camp and shed, refrigerator, stove, infrared heaters, wood burning heater and butane tank located on the premises" with the sale of the property, but the "Vendor [Monclova was] to retain the three new deer stands and feeders." Exhibit D to Appeal.

[5]Plaintiffs presumably suggest that government payments are associated with farming or timber harvesting, both of which would suggest an agricultural purpose.

4

argue that this is not the type of case where discovery can be conducted, in the words of *Smallwood*, on a "tight judicial tether." 385 F.3d at 574.

The Magistrate Judge correctly applied the standard for determining remand, as set forth by the Fifth Circuit in *Smallwood,* and the Court will not re-state it here. The Court agrees with the Magistrate Judge that the joinder of Plaintiffs' claims against the oil company Defendants and against Monclova is reasonable and logical. As the Magistrate Judge correctly notes, Plaintiffs' claims involve common questions of fact that are best resolved jointly for the sake of judicial economy. Additionally, based on the record evidence, including the Waltons' affidavits and the sales agreement between the Waltons and Monclova, the Court concludes Exxon has failed to meet its burden of showing that "there is no possibility of recovery by [Plaintiffs] against [Monclova]." *Id.* at 573. This is not a case where there is a "mere theoretical possibility of recovery," *see Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4. (5th Cir.2000). The application of the prescriptive period is heavily disputed by the parties, and the issue of prescription cannot be resolved easily without significant discovery, leading this Court to walk too closely to the edge of an evaluation of the merits.

Accordingly, remand is proper in this matter.

## CONCLUSION

The Request for Review of Magistrate Judge's Findings on Motion to Remand [Doc. No. 51] filed by Defendant Exxon Mobil Corporation is DENIED, and the Magistrate Judge's Ruling and Order of Remand [Docs. No. 48 and 49] are AFFIRMED. This case is remanded to the Sixth

Judicial District Court, Parish of Tensas, State of Louisiana for further proceedings.

MONROE, LOUISIANA, this 15 day of July, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE